By the court.
The authorities produced shew, that an issuable plea intended by the rule of court from whence our rule of court is borrowed, is not to be confined to the general issue. Barnes, 271. It must not be a dilatory plea, but one which will mei t the merits of the cause, and advance justice. The plea of justification in slander, is an issuable plea, and within the meaning of the rule. The plaintiff ought to be prepared to rebut such evidence, in case the defendant should move to plead, so as to be entitled to offer it. If he is not prepared, he will be entitled to a continuance. The inconvenience to which, he would, by this means, be exposed,, would not be so great as the defendant would be exposed to suffer, in ease' he could not be allowed, after an order for judgment, the benefit of a plea of justification. Barnes, 263, 253, 356, 363, 332. 1 H. Bl. 79. 2 Wils. 253.
Motion granted,
*311 Note. 1 fios. & Pul 288. On motion to set aside interlocutory judgment, it was attempted to restrict the defendant from pleading the statute of dmitatious, and illett v. Atterton. 1 Bl. .\ep. 35, waseitedtbut the court said that the plea of the statute of limitations was not necrssardy unconsciemious, and that of late ii had been considered as a fail plea in the King's Bei eh’, though formerly it had been thought otherwise. 3T.lt. 124, Bee 1 Bellon’s Practice, 308, a. to what are issuable pleas within a judge's order for further time A plea of tenderis 2 Bl Kep. 724. contra, formerly, 1 Bur. 3 '7. General issue, and statute of limitations good 3 T. ii, 124. Aiso, nil debet, and nulúd record, imp K. B. 24o. i demurrer held not to be an issuable rejoinder. Barnes 168, 271. But a demurrer to the merits is an issuable plea. 2 Bl. K. 923. But not a frivolous demurrer. Bayer 88. 4 Bur. 1788.